CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 3 1 2008

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID F. SPRINKLE, | ) | |
| Plaintiff, | ) | Civil Action No. 7:08cv00430 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| EARL BARKSDALE, | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | United States District Judge |

David F. Sprinkle, Virginia inmate number 360436, has submitted a "Motion for Temporary Restraining Order," which the court construes as a motion for interlocutory relief. Sprinkle seeks an order reinstating his law library and photocopying privileges; he also seeks either (i) permission to review or (ii) the return of legal materials that he alleges have been confiscated from his cell in the special housing unit ("SHU") at Dillwyn Correctional Center ("Dillwyn") in Dillwyn, Virginia. For the reasons that follow, the court will deny the motion, but will direct the clerk to file the motion as a new complaint pursuant to 42 U.S.C. § 1983.[1]

A district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283 (4th Cir. 1980) (citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Functions of prison management must be left to the broad discretion of

---

[1] Sprinkle is advised, however, that he has had two cases dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. See Sprinkle v. Schilling, et al., Civil Action No. 7:07-cv-00335 (July 5, 2007), affirmed "for the reasons stated by the district court," Case No. 07-7086 (4th Cir. September 17, 2007); Sprinkle v. Blue Ridge Jail Authority, Civil Action No. 7:06-cv-00343 (June 2, 2006). Another dismissal under § 1915A will render Sprinkle unable to proceed without full prepayment of the filing fee unless he is able to demonstrate that he is "under imminent danger of serious physical injury." See 28 U.S.C. § 1915(g).

prison administrators to enable them to manage prisons safely and effectively. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).

The court finds that Sprinkle has not alleged facts indicating that he will suffer irreparable harm in the absence of interlocutory injunctive relief. Nor has plaintiff established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief.[2] Plaintiff's allegations do not satisfy the "balance of hardships" test. Furthermore, insofar as Sprinkle requests a temporary restraining order, such orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. Such an order would last only until such

---

[2] Reasonable access by prisoners to both state and federal courts is a guaranteed right. Ex parte Hull, 312 U.S. 456 (1941); see Procunier v. Martinez, 416 U.S. 396 (1974). States must affirmatively provide inmates with either law libraries or persons trained in law to prosecute habeas and civil rights claims. See Bounds v. Smith, 430 U.S. 817, 828 (1977). In other words, access to a law library is required only in the absence of legal assistance. Additionally, to state a claim of a violation of this right, a prisoner must show some interference with his right or some deficiency in the legal resources available to him, as well as evidence of actual injury or specific harm related to litigation. Lewis v. Casey, 518 U.S. 343, 351 (1996). Plaintiff, an inmate housed in the SHU at Dillwyn, alleges that he has been denied "legal cop[ies]" and access to "law books" and a law library; however, he has not thus far named any individual defendant whose actions have denied his access to the courts, and he has failed to allege any facts which suggest that any alleged denial has caused him any actual injury or specific harm. To be sure, plaintiff's claims, if properly particularized, may state a claim against an individual defendant at Dillwyn for denial of access to the courts; at this stage, however, plaintiff has not stated a claim upon which relief may be granted. Plaintiff is advised that the instant motion will be filed as a new civil action, and orders will be entered directing him, inter alia, to amend his complaint.

time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that Sprinkle is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

Accordingly, Sprinkle's request for interlocutory relief will be denied. An appropriate order will be entered this day. The court finds, however, that Sprinkle's allegations, if properly particularized, may state a claim against individual defendants at Dillwyn for denial of access to the courts.[3] Accordingly, the Clerk will be directed to file the motion as a new civil action, and appropriate orders regarding such civil action will be entered in due course.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 31st day of July, 2008.

/s/ James C. Conrad
United States District Judge

---

[3] See n. 2, supra.