CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 0 7 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID F. SPRINKLE, ) | |
| Plaintiff, ) | Civil Action No. 7:08-cv-00430 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| EARL BARKSDALE, et al., ) | By: Hon. Glen E. Conrad |
| Defendant(s). ) | United States District Judge |

This matter is before the court upon the plaintiff's motion (Dkt. No. 22) seeking immediate relief from the court, which the court construed as a motion to amend the complaint and a motion for a preliminary injunction. Plaintiff David F. Sprinkle ("Sprinkle"), an inmate at Dillwyn Correctional Center ("Dillwyn") alleges that he has chronic pain, among other physical ailments, but does not receive his pain medication as often as needed.[1] He alleges that sometimes he goes for 12-13 hours without a dose of pain medication intended for application every six (6) hours. By order issued September 18, 2008, the court required the defendants to show cause why the requested relief should not issue regarding Sprinkle's pain medication. Defendants have filed a response, including the affidavit of D. Elko, Head Nurse at Dillwyn, and Sprinkle has responded. Upon review of defendants' evidence, the court finds that no interlocutory injunctive relief is warranted.

A district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283 (4th Cir. 1980), citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977). Without a showing that plaintiff will suffer imminent, irreparable

---

[1] To the extent that plaintiff seeks interlocutory injunctive relief, based on allegations that other inmates are not receiving prompt and adequate medical treatment, his claims must be denied for lack of standing. See Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir.1981) (holding a prisoner proceeding pro se may not serve as a "knight errant" for other inmates, but may only seek to enforce his own rights).

1

harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991)(citation omitted). The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir.1980); Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994) (finding that courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances).

Allegations of prison officials' deliberate indifference to an inmate's serious medical need for regular pain medication to control his chronic pain state an actionable claim under the Eighth Amendment and § 1983. See Farmer v. Brennan, 511 U.S. 825 (1994); Estelle v. Gamble, 429 U.S. 97 (1976). Severe pain can certainly qualify as "irreparable harm" for purposes of the preliminary injunctive relief analysis.

Plaintiff David Sprinkle alleges in his motion that on September 2, 2008, Nurse Agee at DWCC would not bring him his medication for chronic pain at 9 p.m., delivering it to him instead at 8:35 a.m., almost twelve (12) hours past the time when he was in medical need of the dose. Sprinkle alleges that he has filed grievances about this ongoing problem through all levels of the grievance procedure. Yet, he continues to receive his medication hours after his pain returns. In his amended complaint (Dkt. No. 6), Sprinkle alleges that he has chronic pain, among other physical ailments, but does not receive his pain medication on a regular schedule. He alleges that sometimes he goes for 12-13 hours without a dose of pain medication intended for application every six (6) hours.

Defendants' evidence indicates that Sprinkle has a prescription for Lortab, a pain management medication, to be taken three times daily. When the nurse refused to bring Sprinkle his pain medication at 9:00 p.m. on September 2, 2008, she did so based on the fact that he had already

2

received his three doses of the medication for that day. She told him that she could not bring him any other pain medication at that time without a doctor's order. On September 4, 2008, the doctor ordered that Sprinkle should receive two Extra-Strength Tylenol regularly at bedtime to address "break through" pain between his evening and morning doses of Lortab. On September 9, 2008, the doctor also increased the dosage per pill of Sprinkle's Lortab pain medication.

Since defendants filed their evidence, Sprinkle has submitted two responses.[2] In the first response, Sprinkle states that he talked to the doctor on September 25, 2008, about his pain medication, complaining that he sometimes goes for 15 hours without pain medication. The doctor stated his understanding of Sprinkle's chronic pain, but will not give any "further nighttime relief." The doctor allegedly told Sprinkle that he must "live with pain." His second response is entitled an "affidavit upon the response of D. Elko D.W.C.C." Sprinkle states that Nurse Elko "provided false statements" in her September 26, 2008, affidavit, but his objections to her affidavit are unclear and include primarily dates of care from 2007. While relevant to his ongoing case alleging past denial of medical treatment, they do not contradict defendants' evidence that the doctor increased Sprinkle's pain medication twice in response to his complaints of pain after he submitted the pending motion for interlocutory injunctive relief.

In light of the evidence now in the record, the court finds that Sprinkle's allegations and evidence do not warrant interlocutory injunctive relief regarding his pain medication. Defendants' evidence indicates that the prison doctor is monitoring Sprinkle's level of pain and providing medication to treat that pain. This court cannot second guess the doctor's medical judgment that the pain medications currently provided to Sprinkle are medically appropriate for his conditions. Russell v. Sheffer, 528 F.2d 318, 318 (4th Cir. 1975) (finding no deliberate indifference, because record

---

[2]The court docketed this submission as a second motion for interlocutory injunctive relief. Sprinkle also complains that his medical shoes are worn out and causing him pain in his heel and hip that he "just cannot endure." He says that the doctor will not order any new shoes for him. However, Sprinkle does not indicate that he has presented this claim about medical shoes through all levels of the prison grievance procedures as required before he can bring this claim to court. See 42 U.S.C. § 1997e(a). Therefore, the court will not construe his current complaint about the shoes as an amendment to his complaint or a separate request for interlocutory relief.

3

reflected plaintiff "was under constant medical supervision . . . [and q]uestions of medical judgment are not subject to judicial review"). Given defendants' evidence, Sprinkle has not demonstrated a substantial likelihood of success on his claim that officials are acting with deliberate indifference concerning his pain medication. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir.1985) (finding that mere disagreement between doctor and patient over appropriate course of medical treatment does not state actionable § 1983 claim). Accordingly, the court must deny Sprinkle's motions for immediate injunctive relief. An appropriate order shall be issued this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff and to counsel for the defendants.

ENTER: This 7th day of October, 2008.

*[signature]*
United States District Judge